HOLLAND & KNIGHT LLP
Matthew P. Vafidis (State Bar No. 103578)
David I. Holtzman (State Bar No. 299287)
Daniel P. Kappes (State Bar No. 303454)
50 California Street, Suite 2800
San Francisco, California 94111
Phone:     415-743-6900
Facsimile: 415-743-6910
E-mail: matthew.vafidis@hklaw.com
        david.holtzman@hklaw.com
        daniel.kappes@hklaw.com

Attorneys for Plaintiff
CROWLEY MARINE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BAYDELTA NAVIGATION LTD., a California corporation,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE OF CONTRACT TO PURCHASE AND SELL VESSEL AND FOR INJUNCTIVE RELIEF** |

For its Complaint herein, Plaintiff CROWLEY MARINE SERVICES, INC. ("CROWLEY MARINE") alleges as follows:

GENERAL STATEMENT

1. This is an action for specific performance of a written contract pursuant to which Defendant BAYDELTA NAVIGATION LTD. ("BAYDELTA"), through its predecessor company, granted to CROWLEY MARINE the option to purchase the Tug Valor, official number

1199816 ("the Vessel") for an option price of $3,650,000.00 (Three Million, Six Hundred and Fifty Thousand Dollars, the "Option Price"). CROWLEY MARINE has tendered payment of the option price to BAYDELTA and requested the written assurance of BAYDELTA that it will fulfill its obligation, under the option contract, to execute and deliver to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the bareboat charter party, as amended, and a satisfaction and release of any mortgage or other encumbrance created by BAYDELTA or its predecessor company. BAYDELTA has unequivocally refused to provide such assurance to CROWLEY MARINE, and has represented that it will not comply with the option agreement to sell the Vessel to CROWLEY MARINE for the Option Price.

CROWLEY MARINE stands ready, willing, and able to perform the agreement to purchase the Vessel for the Option Price, but BAYDELTA refuses to comply with the agreement. By this action, CROWLEY MARINE requests that this Court order BAYDELTA to specifically perform the said contract.

## JURISDICTION

2. This Court has subject matter jurisdiction of this action on diversity of citizenship grounds pursuant to 28 U.S.C. section 1332 because, as more particularly appears herein, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Further and in the alternative, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1333 because, as more particularly appears herein, it is a civil case of admiralty and maritime jurisdiction under Rule 9(h), being an action for specific performance of a contract to sell a Vessel.

4. This Court has personal jurisdiction over BAYDELTA because, as more particularly appears herein, it conducts business in this State, where it is incorporated and has its principal place of business, and the subject matter of this action, the Vessel, is present in this State and has at all material times been present in this State.

//

## INTRADISTRICT ASSIGNMENT

5. The basis for the assignment of this action to this division is that it is a civil action that arises in the County of San Francisco, the County where BAYDELTA has its principal place of business and the Vessel is located.

## PARTIES

6. CROWLEY MARINE, a Delaware corporation with its principal place of business in Seattle, Washington, is the former charterer of the Vessel under a bareboat charter party effective July 27, 2007, entered into between Baydelta Navigation Inc., which upon information and belief is the corporate predecessor to BAYDELTA, and CROWLEY MARINE. Said bareboat charter party was amended and expired on February 29, 2020.

7. BAYDELTA is a California corporation with its principal place of business in San Francisco, which upon information and belief is the corporate successor to Baydelta Navigation Inc., the Owner of the Vessel.

8. The Vessel is, or during the pendency of this action will be, located in this District and within the County of San Francisco.

## FACTS

9. On or about July 27, 2007, CROWLEY MARINE entered into a bareboat charter party, pursuant to which CROWLEY MARINE chartered the Vessel from its Owner, the predecessor corporation to BAYDELTA.

10. Pursuant to Article 28(a) of the said bareboat charter party, BAYDELTA's predecessor corporation granted to CROWLEY MARINE a right of first refusal to CROWLEY MARINE to purchase the Vessel. Said right of first refusal arose in the event that BAYDELTA's predecessor corporation wished to sell the Vessel to a third party at any time during the term of the bareboat charter party; if that happened, BAYDELTA's predecessor corporation agreed to give CROWLEY MARINE the option to purchase the Vessel for the same price and on the same terms as the third party is willing to offer.

//
//

11. On July 19, 2012, BAYDELTA's predecessor corporation and CROWLEY MARINE agreed to an amendment of the bareboat charter party extending its term to December 31, 2012.

12. On December 14, 2012, BAYDELTA's predecessor corporation and CROWLEY MARINE agreed to a second amendment of the bareboat charter party extending its term to February 29, 2020. Pursuant to the terms of said second amendment, the date of February 29, 2020 was defined as "the Termination Date".

13. The second amendment of the bareboat charter party amended Article 28 of the bareboat charter party. Pursuant to the amended Article 28 of the bareboat charter party, so long as no default had occurred and was continuing under the bareboat charter party, BAYDELTA's predecessor corporation granted to CROWLEY MARINE an option to purchase the Vessel (the "Purchase Option") for the cash purchase price of $3,650,000.00 (Three Million, Six Hundred and Fifty Thousand Dollars, the "Option Price"). The amended Article 28 further provided that CROWLEY MARINE may exercise the Purchase Option by written notice at least 180 days prior to the Termination Date, and that, if exercised, CROWLEY MARINE must pay the Option Price to BAYDELTA's predecessor corporation, with any applicable sales or use taxes, in cash, on or prior to the Termination Date. A copy of the second amendment is attached hereto as Exhibit A.

14. Further pursuant to the amended Article 28 of the bareboat charter party, on the Termination Date, following receipt of Option Price (plus all applicable sales or use taxes) in good and indefeasible funds, BAYDELTA's predecessor corporation shall execute and deliver to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the bareboat charter party, as amended, and a satisfaction and release of any mortgage or other encumbrance created by BAYDELTA or its predecessor company.

15. On April 28, 2016, BAYDELTA and CROWLEY MARINE executed a third amendment to the bareboat charter party pursuant to which the parties acknowledged and agreed that BAYDELTA is a corporate successor to Baydelta Navigation Inc., and that BAYDELTA has refinanced the Vessel and granted a new preferred ship mortgage to Liberty Bank.

16. In or about January 9, 2020, CROWLEY MARINE gave notice to BAYDELTA that CROWLEY MARINE intended to exercise the Purchase Option for the Vessel.

17. On March 2, 2020, CROWLEY MARINE gave notice to BAYDELTA that it intended to make payment of the Option Price of $3,650,000.00 (Three Million, Six Hundred and Fifty Thousand Dollars, the "Option Price").

18. Given that the Termination Date occurred on a Saturday, it was not possible for CROWLEY MARINE to make payment of the Option Price on the Termination Date.

19. By tendering payment of the Option Price on March 2, 2020, CROWLEY MARINE offered to make payment of the Option Price to BAYDELTA as soon after the Termination Date as possible.

20. On March 2, 2020, CROWLEY MARINE paid the Option Price to an escrow agent and offered to pay the Option Price to BAYDELTA upon the written assurance of BAYDELTA that it will fulfill its obligation, under the option contract, to execute and deliver to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the bareboat charter party, as amended, and a satisfaction and release of any mortgage or other encumbrance created by BAYDELTA or its predecessor company.

21. BAYDELTA has failed to provide any such assurance, in writing or otherwise.

22. To the contrary, BAYDELTA took, and has taken, the position that it is not required, if CROWLEY MARINE pays the Option Price, to execute and deliver to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the Bareboat Charter Party, as amended, and a satisfaction and release of any mortgage or other encumbrance created by BAYDELTA or its predecessor company.

23. Under the circumstances, BAYDELTA has failed, and continues to fail, to comply with its contractual obligation under Article 28 of the bareboat charter party, as amended, to sell the Vessel to CROWLEY MARINE on the Termination Date for the Option Price.

//

## FIRST CAUSE OF ACTION

(Specific Performance)

24. CROWLEY MARINE realleges and incorporates, as if fully set for the herein, the allegations of paragraphs 1-23 above.

25. BAYDELTA is under a present and continuing contractual duty, if CROWLEY MARINE pays the Option Price, to execute and deliver to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the bareboat charter party, as amended, and a satisfaction and release of any mortgage or other encumbrance created by BAYDELTA or its predecessor company, and to otherwise convey the Vessel to CROWLEY MARINE.

26. On March 2, 2020, CROWLEY MARINE paid the Option Price to an escrow agent and offered to pay the Option Price to BAYDELTA on condition that BAYDELTA perform its contractual obligations as aforesaid to sell the Vessel to CROWLEY MARINE for the Option Price.

27. CROWLEY MARINE has fully complied with all its obligations under the bareboat charter party, as amended, and is not in default of any of its obligations thereunder.

28. CROWLEY MARINE has fully performed all of its duties and obligations required to purchase the Vessel for the Option Price.

29. At all material times, CROWLEY MARINE CROWLEY MARINE has acted in utmost good faith and is entitled to equitable relief.

30. Absent an order of specific performance from this Court, as specified below, CROWLEY MARINE will have no adequate remedy at law to enforce its contractual rights against BAYDELTA.

31. Under the circumstances, CROWLEY MARINE is entitled to an order requiring BAYDELTA to specifically perform the bareboat charter party as amended by executing and delivering to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the bareboat charter party, as amended, and a satisfaction and release of any mortgage or

other encumbrance created by BAYDELTA or its predecessor company, and to otherwise convey the Vessel to CROWLEY MARINE.

### SECOND CAUSE OF ACTION

(Injunctive Relief)

32. CROWLEY MARINE realleges and incorporates, as if fully set for the herein, the allegations of paragraphs 1-31 above.

33. Unless restrained by the Court, BAYDELTA will continue to fail to comply with its a present and continuing contractual duty to accept the tender by CROWLEY MARINE of the Option Price, and to execute and deliver to CROWLEY MARINE a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers as set forth in subparagraph (b) of Article 28 of the bareboat charter party, as amended, and a satisfaction and release of any mortgage or other encumbrance created by BAYDELTA or its predecessor company, and to otherwise convey the Vessel to CROWLEY MARINE.

34. CROWLEY MARINE has fully complied with all its obligations under the bareboat charter party, as amended, and is not in default of any of its obligations thereunder.

35. CROWLEY MARINE has fully performed all of its duties and obligations required to purchase the Vessel for the Option Price.

36. At all material times, CROWLEY MARINE has acted in utmost good faith and is entitled to equitable relief.

37. As an alternative to the order of specific performance by this Court, as specified above, CROWLEY MARINE seeks, and are entitled to, preliminary and permanent injunctive relief enjoining BAYDELTA from continuing to fail to comply with its contractual obligations as set forth above.

38. CROWLEY MARINE has no adequate remedy at law to enforce its contractual rights against BAYDELTA.

//
//
//

PRAYER FOR RELIEF

WHEREFORE Plaintiff CROWLEY MARINE requests relief from this Court as follows:

A.     For an order of specific performance of contract, as detailed herein, requiring that BAYDELTA sell the Vessel to CROWLEY MARINE for the Option Price;

B.     For a temporary restraining order, preliminary and permanent injunction, as detailed herein, restraining BAYDELTA from continuing to fail to sell the Vessel to CROWLEY MARINE for the Option Price;

C.     For an award of CROWLEY MARINE's fees and costs, including reasonably attorneys' fees and expert costs;

D.     That this Court retain continuing jurisdiction over this matter until such time as the Court has determined that has fully and properly complied with its Orders; and

E.     For such other and further relief as may be just and appropriate.

Dated: March 2, 2020                    HOLLAND & KNIGHT LLP


                                        By: /s/ Matthew Vafidis

                                            Matthew Vafidis

                                        Attorneys for Plaintiff
                                        CROWLEY MARINE SERVICES, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

EXHIBIT A

9
COMPLAINT FOR SPECIFIC PERFORMANCE, INJUNCTIVE RELIEF                                     CASE

**Tug VALOR, O.N. 1199816**
**SECOND AMENDMENT TO BAREBOAT CHARTER PARTY**
**BETWEEN**
**BAYDELTA NAVIGATION INC.**
**AND**
**CROWLEY MARINE SERVICES INC.**

**Recitals.**

1. The parties entered into a Bareboat Charter Party (the "BBCP") on or about July 27, 2007 regarding the Tug VALOR, O.N. 1199816.

2. By the First Amendment to the BBCP, the parties extended its term.

3. The BBCP, as extended by the First Amendment, will, unless further extended, expire on December 31, 2012.

4. The parties now wish to extend the BBCP's term without interruption to and including February 29, 2020 (the "Termination Date").

**Amendments to BBCP.**

The parties amend the following provisions of the BBCP:

A. The following replaces the first sentence of Article 1(a): "This Charter commenced upon Owner's delivery of the Vessel on or about July 27, 2007 (the 'Delivery Date') and will continue to and including the Termination Date."

B. The following is added at the end of the first paragraph of Article 2(a):

Charterer shall pay daily Hire of:

$3,300.00 commencing March 1, 2013;
$3,400.00 commencing March 1, 2015;
$3,500.00 commencing March 1, 2017;
$3,600.00 commencing March 1, 2019.

C. In Article 19, change "Pier 15" to "Pier 17."

D. Delete Article 28 in its entirety and replace it with the following:

> **28.   Charterer's Purchase Option**
>
> (a)   So long as no Default has occurred and is then continuing under this Charter, Charterer shall have the option (the "Purchase Option") to purchase the Vessel on the Termination Date for a cash purchase price of $3,650,000.00, plus any applicable sales or use taxes (the "Option Price"). Charterer may exercise the

Second Amendment – VALOR BBCP – p.1

Purchase Option only by written notice to Owner at least 180 days prior to the Termination Date (the "Option Notice Date"). If exercised, Charterer must pay the Option Price to Owner, together with any applicable sales or use taxes, in cash, on or prior to the Termination Date. On the Termination Date, following Owner's receipt of the Option Price (plus all applicable sales or use taxes) in good and indefeasible funds, Owner shall execute and deliver to Charterer a Bill of Sale for the Vessel on United States Coast Guard form CG-1340 containing the warranties and disclaimers set forth in subparagraph (b) of this Article as well as a satisfaction or release of any mortgage or other encumbrance created by Owner. Charterer may exercise the Purchase Option only as provided above. The Purchase Option shall, unless exercised, terminate at 1700 Pacific Time on the Option Notice Date. The Purchase Option shall terminate automatically if a Default has occurred and is continuing on the Option Notice Date or the Termination Date. Owner and Charterer shall each take commercially reasonable steps to minimize or eliminate sales, use or other taxes that may otherwise be payable upon Charterer's purchase of the Vessel.

(b)     ANY SALE OF THE VESSEL TO CHARTERER PURSUANT TO A PURCHASE OPTION GRANTED UNDER THIS CHARTER SHALL BE WITHOUT ANY WARRANTIES WHATSOEVER, EITHER EXPRESS OR IMPLIED, EXCEPT THAT OWNER SHALL WARRANT THAT IT HAS TITLE TO THE VESSEL AND THAT THE VESSEL IS FREE AND CLEAR OF ANY LIENS CREATED BY OWNER. WITHOUT LIMITING THE FOREGOING, ANY SALE SHALL BE ON AN "AS IS, WHERE IS" BASIS WITH NO WARRANTIES, EITHER EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SEAWORTHINESS OR CONDITION OF THE VESSEL.

Except as this Amendment expressly modifies them, all terms of the BBCP shall remain in full force and effect. In case of inconsistency between this Amendment and the First Amendment or the BBCP, this Amendment shall control.

CROWLEY MARITIME CORPORATION

By: _____
Its: S-VP GM
Date: 1/9/13

BAYDELTA NAVIGATION INC.

By: _____
Its: CEO
Date: 12/14/2012